**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **KELLY PINN**, on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**CYCLEBAR SOUTHLAKE, LLC**,<br><br>*Defendant*. | Civil Case No.: 3:22-cv-2684<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant, CycleBar Southlake, LLC's ("Defendant"), practice of advertising via unsolicited text message marketing to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff never provided Defendant prior express written consent to send telemarketing text messages to her telephone number.

3. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the text messages.

4. Accordingly, Plaintiff brings this TCPA action on behalf of herself and two classes of similarly situated individuals under 47 U.S.C. § 227(c) and section 305.043 of the Texas Business & Commerce Code.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

1

6. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claim that they form a single case or controversy.

7. The Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, is located in this District and has committed tortious acts in this District.

8. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

9. Plaintiff Kelly Pinn is, and at all times mentioned herein was, a citizen and resident of Irving, Texas.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all times mentioned herein was, a Texas limited liability company with a business address of 1241 East State Highway 114, Suite 180, Southlake, Texas 76092.

12. Defendant may be served via its registered agent Michael J. Murphy located at 704 Sussex Court, Southlake, Texas 76092.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## GENERAL FACTUAL ALLEGATIONS

14. Defendant, or someone acting on its behalf and at its direction, sends automated

2

text messages marketing its services.

15. These text messages come from (972) 703-2757.

16. Because these text messages advertise Defendant's services they constitute telemarketing messages and telephone solicitations.

### **PLAINTIFF PINN'S FACTUAL ALLEGATIONS**

17. Plaintiff Pinn is the sole and customary user of cellular telephone number (XXX)-XXX-2161.

18. Plaintiff Pinn's cellular telephone number, (XXX)-XXX-2161, is a personal telephone number and is not used for business purposes.

19. Plaintiff Pinn's cellular telephone (XXX)-XXX-2161 has been on the National Do-Not-Call Registry since February 9, 2009.

20. On September 27, 2022 at 4:30pm, Ms. Pinn received six (6) text messages from (972) 703-2757, as shown on her cellular telephone bill:

| Date/Time | Number | Direction |
|---|---|---|
| Sep 28 4:30 PM | 972-703-2757 | Incoming |
| Sep 28 4:30 PM | 972-703-2757 | Incoming |
| Sep 28 4:30 PM | 972-703-2757 | Incoming |
| Sep 28 4:30 PM | 972-703-2757 | Incoming |
| Sep 28 4:30 PM | 972-703-2757 | Incoming |
| Sep 28 4:30 PM | 972-703-2757 | Incoming |

21. The messages advertised "unlimited rides for only $99," provided a promo code, and included a hyperlink: https://bit.ly/3Ch7VSP.

22. When Ms. Pinn clicked the hyperlink, she was redirected to another website[1] that, promoted Defendant's services:

---

[1] https://www.clubready.com/getstarted/step1.asp?s=7308&id=544147



23. Ms. Pinn never provided prior express written consent to Defendant for these text messages.

**DEFENDANT'S LIABILITY**

24. The TCPA prohibits making multiple telephone solicitation calls[2] to a telephone number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

---

[2] Although the TCPA does not define a "call," the FCC has interpreted the TCPA to encompass both voice calls and text calls or text messaging. *See In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.Rcd. 14014, 14115 (July 3, 2003). Federal courts up to and including the Supreme Court have endorsed the FCC's regulation that the TCPA applies to text messages. *See, e.g., Campbell-Ewald v. Gomez*, 577 U.S. 153, 156 (2016).

25. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

26. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

27. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

28. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including Plaintiff's number.

29. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per text message.

30. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

31. Plaintiff has suffered concrete harm because of Defendant's unwanted and unsolicited telemarketing text messages, including, but not limited to:

- Device storage;
- Data usage;
- Lost time tending to and responding to the unsolicited text messages;
- Invasion of Privacy; and
- Nuisance.

5

32. These forms of actual injury are sufficient for Article III standing purposes.

## VIOLATIONS OF TEXAS STATE LAW

33. Pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

34. As set forth above, Defendant violated 47 U.S.C. § 227 and regulations adopted under that provision.

35. Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or her actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

36. Plaintiff is entitled to an additional $1500 per call if Defendant's actions are found to be knowing or intentional. *See* Tex. Bus. & Com. Code § 305.053(c).

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "DNC Class" and "Texas Class" (together, "the Classes") as defined as follows:

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more text messages, (2) from four years prior to the filing of the Compliant to the date of certification, (3) for the purpose of encouraging the purchase of Defendant's services (4) in a 12-month period (5) when the telephone number to which the text messages were sent was on the National Do-Not-Call Registry at the time of the messages.
>
> (the "DNC Class")
>
> Plaintiff and all residents of the State of Texas (1) to whose telephone number Defendant placed (or had placed on its behalf) a text message (2) in violation of 47 U.S.C. § 227 and the regulations found at 47 C.F.R. § 64.1200, (3) from four years prior to the filing of the Compliant to the date of certification.

(the "Texas Class")

38. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

39. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

40. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

   a. The time period(s) during which Defendant placed its text messages;

   b. The telephone numbers to which Defendant placed its text messages;

   c. The telephone numbers for which Defendant had prior express written consent;

   d. The purposes of such text messages;

   e. The names and addresses of Class members.

41. The Classes are comprised of hundreds, if not thousands, of individuals nationwide.

42. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

   a. Whether Defendant sends telemarketing text messages or has them sent on its behalf;

   b. Whether Defendant obtains prior express written consent;

    c. Whether Defendant or the entity with which it contracts to send its messages sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

    d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

43. Plaintiff is a member of the Classes in that Defendant placed two or more texts for telemarketing purposes in a one-year period to her telephone number when her telephone number was on the National Do-Not-Call Registry.

44. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

45. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted text messages, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

46. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

47. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

48. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

49. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

51. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and DNC Class)

52. Plaintiff and the proposed DNC Class incorporate the foregoing allegations as if fully set forth herein.

53. Defendant sent, or had sent on its behalf, text messages constituting telephone solicitations to Plaintiff's and DNC Class Members' telephone numbers.

54. Plaintiff's and DNC Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the text messages.

55. Plaintiff and DNC Class Members each received two or more such text messages in a 12-month period.

56. Plaintiff and DNC Class Members are entitled to an award of $500 in statutory damages for each text message pursuant to 47 U.S.C. § 227(c)(5).

57. Plaintiff and DNC Class Members are entitled to an award of treble damages in an amount up to $1,500 for each text message made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of Texas § 305.053 Class
### (On Behalf of Plaintiff and Texas Class)

58. Plaintiff and the proposed Texas Class incorporate the foregoing allegations as if fully set forth herein.

59. Defendant placed, or had placed on its behalf, telemarketing telephone text messages to Plaintiff and Texas Class Members' telephone numbers.

60. Each of these calls violated 47 U.S.C. § 227(c).

61. Further, Defendant placed calls for the purpose of making a sale to Plaintiff and Texas Class Members' telephone numbers without their consent.

62. Plaintiff and Texas Class Members are entitled to:

   a. a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

   b. the greater of $500 for each violation or Plaintiff's and Texas Class Members' actual damages (*see* Tex. Bus. & Com. Code §304.053(b));

   **c.** the greater of $1,500 for each violation or Plaintiff's and Texas Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c)).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing their counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C. An order declaring that Defendant's actions, as set out above, violate 47 C.F.R. 64.1200(c)(2);

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E. An award of statutory damages;

F. An award of treble damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


**Dated:** December 1, 2022                By:   */s/ Chris R. Miltenberger*
                                                 Chris R. Miltenberger
                                                 Texas Bar Number: 14171200

                                           **The Law Office of Chris R. Miltenberger, PLLC**
                                           1360 N. White Chapel, Suite 200
                                           Southlake, Texas 76092
                                           Tel: (817) 416-5060
                                           Fax: (817) 416-5062
                                           chris@crmlawpractice.com

        Max S. Morgan, Esquire
        Eric H. Weitz, Esquire
        **THE WEITZ FIRM, LLC**
        1528 Walnut Street, 4th Floor
        Philadelphia, PA 19102
        Tel: (267) 587-6240
        Fax: (215) 689-0875
        max.morgan@theweitzfirm.com
        eric.weitz@theweitzfirm.com
        (*Pro Hac Vice* to be filed)